PER CURIAM.
In this matter we are considering a complaint from The Florida Bar which seeks disciplinary action against respondent Ed Duffee, Jr.
The following pertinent findings and recommendations were made by the referee in his report:
“II. Findings of Fact as to Each Item of Misconduct of which Respondent is charged: .
“As To Count I
“1. The Respondent, Ed Duffee, Jr., is and was at all times mentioned in Count I, a member of The Florida Bar, subject to the jurisdiction and Disciplinary Rules of the Supreme Court of Florida
“2. The complaint was filed by The Florida Bar, by direction of the Board of Governors, and all conditions prerequisite to the filing of said complaint, required by the Integration Rules have been fulfilled ....
“8. In 1974, Respondent agreed to represent several defendants in a condemnation suit brought by the City of Tallahassee, Case No. 74-2006, Second Judicial Circuit, Leon County, Florida .
“4. On or about December 20, 1974, after an order of taking, Respondent as agent for his clients, withdrew $45,800.00 from the registry of the Court, without his clients’ knowledge or consent, and *830 without notifying his clients that said funds had been received by him . . .
“5. This $45,800.00, the money of his clients, was placed by Respondent in his trust account but was converted by Respondent to his own use and personal expenses, rather than disbursed to his clients .
“6. On October 1, 1975, final judgment was entered in favor of Respondent’s clients in the amount of $69,615.00 less $565.39 for property taxes .
“7. Respondent was awarded $9,422.25 attorney’s fees by the court One-half of this fee was paid to Attorney W. George Allen of Ft. Lauderdale and the other half retained by Respondent
“8. On October 17, 1975, without clients’ knowledge or consent the Respondent withdrew the balance of the trial judgment in the amount of $23,249.61 from the registry of the court and failed to notify his clients that said fund had been received .
“9. That although Respondent received a total of $69,049.61 on behalf of his clients, he spent $68,970.40 (of said funds) for his own personal use .
“10. That Respondent’s clients, Willie Mae Thomas, et al., secured a final judgment against Respondent on September 8,1976, in the Circuit Court of the Second Judicial Circuit in Leon County, Florida, Case # 75-2757, for the sum of $69,-049.61 plus interest in the amount of $3,711.45 and costs of $39.50.
“11. That Respondent was indicted by a grand jury in Leon County, Florida, of five counts of grand larceny in connection with this matter charging larceny of over $100.00 in each count on different dates but the charge was later changed by the filing of an information by the state attorney only on one count of grand larceny ‘on January 30, 1976, and on diverse other dates within two years next preceding the filing of this information.’ .
“12. That Respondent entered a plea of nolo contendere to grand larceny on the one count as charged in the information on November 1, 1976, and was placed on probation, with adjudication of guilt withheld, for a period of three years with the regular provisions and on special condition that the Respondent ‘make full restitution to the victims as directed by the probation officer.’ .
“13. That Respondent has been temporarily suspended from the practice of law by the Supreme Court of Florida
“14. That Respondent has agreed to place all his property (except his home) in trust for liquidation for the payment of his former clients . . . The value of such property is not known at this time
“15. That partial restitution has already been made by Respondent in the amount of $10,500.00 received from friends
“HI. Recommendation as to whether or not the Respondent should be found guilty: I recommend that Respondent be found guilty of Count I and specifically that he be found guilty of the following violations of his oath as an attorney, the Integration Rules of The Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to wit:
“Disciplinary Rules 1-102(A)(4), 1-102(A)(6), 9-102(B)(l), 9-102(B)(3), and 9-102(B)(4) of the Code of Professional Responsibility and Integration Rule 11.-02(4).
*831 “IV. Recommendation as to Disciplinary measures to be applied: I recommend that the Respondent be disbarred from the practice of law in Florida.”
The record supports the findings and recommendations of the referee and they are approved.
Accordingly, it is the judgment of this Court that respondent, Ed Duffee, Jr., is disbarred from the practice of law in the State, of Florida and shall, pay costs of $340.25.
It is so ordered.
OVERTON, C. J., and BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.